## PORTER v. BADGER.

### No. 11124.

Circuit Court of Appeals, Ninth Circuit.

June 7, 1946.

Rehearing Denied July 16, 1946.

George Moncharsh, Deputy Adm. for Enforcement, Milton Klein, Director, Litigation Division, David London, Chief, Appellate Branch, and Arthur G. Silverman, Special Appellate Atty., OPA, all of Washington, D.C., and Herbert H. Bent, Regional Litigation Atty., of San Francisco, Cal., and Wm. H. Buckingham, Atty., OPA., of Los Angeles, Cal., for appellant.

A. W. Brunton, of Los Angeles, Cal., for appellee.

Before MATHEWS, HEALY and BONE, Circuit Judges.

.BONE, Circuit Judge.

The Price Administrator appeals from a judgment of dismissal after trial. The action was brought for injunctive relief and statutory (treble) damages of $3847.70 under Section 205(a) and (e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(a) (e). The issues, as reduced by the Pretrial Statement of Issues, upon which the case was tried and submitted were: (1) whether, in the two transactions upon which statutory damages were sought, the defendant Badger was merely a purchasing agent; (2) whether, in all three transactions or any of them, the sales were at prices above the maximum allowed by the Regulations, and if so, the amount thereof; and (3) if the latter issue were determined in the affirmative, whether the Administrator was entitled to injunctive relief.[1]

The complaint alleges that Badger was engaged *in the business of selling* second-hand machine tools and that the *sales* of machine tools and extras here involved were made by him at over-ceiling prices and without being reported on Form 100:1 as required by Section 9 of M.P.R. No. 1, as amended.

By suitable denials in the answer, Badger put in issue all of the material elements of the claimed offenses, and alleged generally that he was "engaged in the business of locating, purchasing, and expediting ma-

---

[1] Three particular claimed over-ceiling sales were involved. Two were charged and specifically described in counts 2 and 3 of the complaint. The third sale was shown under count 1 which was a general allegation charging numerous undescribed sales at over-ceiling prices. All three are urged as a basis for injunctive relief.

chine tools * * * for consumers and as the agent and representative of said consumer[s]".

The Administrator contended that Badger was not any one's agent, but on the contrary, was a principal in these tranactions. In his brief, the Administrator concedes that Badger would not be liable for statutory damages upon the second and third causes of action, if, as he claims, he was merely a purchasing agent or "finder" in the two transactions thereunder. The Administrator does contend however that, if an over-ceiling price was established, these two transactions are available to him in support of his demand for an injunction under the allegations of the first cause of action (see footnote 1) and failure to report same on Form 100:1 as required by the Regulation above, regardless of the capacity in which defendant participated in them. This, because Section 205(a) authorizes an injunction against "any person" who violates a regulation, and Section 2(a) (1) of M.P.R. 1, which prohibits not only sales, but offers, negotiations, purchases of, and agreements to purchase used machine tools at over-ceiling prices.[2]

As to the material charges dealing with the three alleged sales involved, the court, in the order referred to (footnote 2) stated: "The evidence clearly shows that the defendant in all of the transactions involved in the action, and in the conduct of his business generally, acted as agent of the buyers, and hence no recover[y] can be had against him on either the second or third causes of action for damages. It is immaterial thus, and unnecessary to determine herein whether or not the transactions herein were made in the 'course' of business, or whether or not there were price violations as to these causes of action. The first cause of action, however, seeks no damages, but seeks an injunction. There is no question involved in that cause of action as to whether or not the defendant's transactions as agent of the buyers were in the course of business or mere commodities for consumption. This is so because by Section 2 of M.P.R. 1 of July 30, 1943, (conceded by the parties to be an applicable regulation) the prohibitions against excesses of maximum price of machinery are made applicable not only to sellers but to buyers as well, * * * The defendant, being an agent of the buyers is, of course, bound as well as his principals."

In the findings the court specifically found that in *all* of the transactions alleged and involved, defendant Badger was acting as *agent* of the buyers of the used machine tools and extras; that the purchase price in these transactions was not in excess of the lawful ceiling price.

With respect to two sales, the court (in the order for findings) refers to the evidence as "confusing and contradictory". It is also impeached as being "unsatisfactory". The court is here considering the elements of proof necessary to establish the Administrator's case. It also found that all of the allegations of the complaint on which there are no specific findings and which are in conflict with the specific findings, are untrue.

█ It is apparent from the lengthy trial record that the facts in this case were presented in a comprehensive fashion. The court faced the necessity of considering and disposing of the issue of agency, and with all of the pertinent facts before it, decided this issue adversely to the contentions of the Administrator. In this, as in all of the other material factual issues, it dealt with the credibility of the witnesses. The Administrator pressed the contention that the advertising of the defendant; his business practices; and all of the surrounding and attendant facts revealed by the evidence and testimony clearly reveal and prove that defendant was not a purchasing agent. Clearly these were essentially factual issues that had to be resolved one way or the other. In the face of the

---

[2] In his order for findings and judgment the trial court indicated that he would order the issuance of an injunction to enforce compliance with the reporting provisions of the Regulation (Sec. 9) except for the fact that Section 9 has been suspended and is not in effect. He denied the injunction for the reason that "No injunction will lie to compel a man to do that which the law specifically excuses him from doing".

emphatic findings of the court on the evi- dence before it, and regardless of our view as to the probative value of any portion of the conflicting testimony and supporting records, we cannot say, from the record before us, that the findings of fact are so "clearly erroneous" that it is the duty of this court to set them aside.

The judgment entered below directs "that the defendant have judgment against the plaintiff for his costs of suit herein incurred, in the amount of $............". This provision of the judgment must be stricken as unauthorized under the Act. Section 205(c) forbids the assessments of such costs in actions of this character. In all other respects the judgment is affirmed.